# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JERRY BRAGG,

        Petitioner,

v.                                                    CASE NO. 2:06-13930
                                                       HONORABLE LAWRENCE P. ZATKOFF

KENNETH ROMANOWSKI,

        Respondent.
_____/

## OPINION AND ORDER
## (1) GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
## (2) DISMISSING THE HABEAS CORPUS PETITION, AND
## (3) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

This matter is pending before the Court on petitioner Jerry Bragg's application for the writ of habeas corpus under 28 U.S.C. § 2254 and respondent Kenneth Romanowski's motion for summary judgment. The Court agrees with Respondent that Petitioner's habeas petition is time-barred. Therefore, Respondent's motion will be granted and the habeas petition will be dismissed.

### I. Background

Petitioner was charged in Wayne County, Michigan with first-degree murder and possession of a firearm during the commission of a felony (felony firearm). On April 30, 2001, he pleaded guilty in Wayne County circuit court to the reduced charge of second-degree murder, MICH. COMP. LAWS § 750.317, and felony firearm, MICH. COMP. LAWS § 750.227b. The plea and sentencing agreement called for a sentence of two years for the felony firearm conviction and a consecutive term of twenty-three to forty years for the murder conviction.

Petitioner subsequently moved to withdraw his plea. The trial court denied his motion, and on May 18, 2001, the trial court sentenced Petitioner, pursuant to the plea and sentencing agreement,

to two years for the felony firearm conviction and to a consecutive term of twenty-three to forty years for the murder conviction. Petitioner appealed the trial court's denial of his motion to withdraw his plea, but the Michigan Court of Appeals denied leave to appeal for lack of merit in the ground presented. *See People v. Bragg*, No. 240929 (Mich. Ct. App. June 13, 2002). Petitioner raised the same claim and two new issues in an application for leave to appeal in the Michigan Supreme Court. On February 28, 2003, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Bragg*, 658 N.W.2d 485 (Mich. 2003) (table). Petitioner did not appeal to the United States Supreme Court, and the ninety-day deadline for seeking a writ of certiorari expired on May 29, 2003.

Over nine months later on March 24, 2004, Petitioner filed a motion for relief from judgment, which the trial court denied on September 9, 2004. Petitioner did not appeal the trial court's decision, and the one-year deadline for filing an appeal in the Michigan Court of Appeals, *see* MICH. CT. R. 7.205(F)(3), expired on September 9, 2005. Petitioner signed and dated his habeas petition over eleven months later on August 27, 2006. The sole ground for relief reads:

> The trial court abused its discretion in denying Defendant's request to withdraw his guilty plea prior to sentencing where Defendant had just and fair reasons to support plea withdrawal and the prosecutor did not demonstrate substantial prejudice in reliance on the plea.

Respondent argues that this claim is barred from review by the one-year statute of limitations.

## II. Discussion

### A. The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year period of limitation for habeas petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d). The limitations period runs from the latest of

2

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner is not asserting a new constitutional right or relying on newly discovered facts. Nor has he alleged that some state-created impediment prevented him from filing a timely habeas petition. Consequently, the statute of limitations began to run when the petitioner's convictions became final. A conviction becomes final under § 2244(d)(1)(A) when "the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired." *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). Petitioner did not file a petition for the writ of certiorari. Therefore, his conviction became final on May 29, 2003, or 90 days after the Michigan Supreme Court denied leave to appeal on direct review. *Bronaugh*, 235 F.3d at 283; SUP. CT. R. 13.1 (allowing ninety days to file a petition for the writ of certiorari following a decision by a state court of last resort).

The statute of limitations began to run on May 30, 2003, the day after Petitioner's conviction became final. FED. R. CIV. P. 6(a); *Bronaugh*, 235 F.3d at 284-85. It stopped running over nine months later on March 24, 2004, when Petitioner filed his motion for relief from judgment. *See* 28 U.S.C. § 2244(d)(2) (stating that "[t]he time during which a properly filed application for State post-

3

conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"). The limitation period was tolled until the trial court denied the motion on September 9, 2004, and, arguably, for one year following the trial court's decision, because Petitioner had one year in which to appeal the trial court's decision. *See* MICH. CT. R. 7.205(F)(3). The statute of limitations resumed running on September 9, 2005, when the one-year deadline expired for appealing the trial court's decision. *See Carey v. Saffold*, 536 U.S. 214, 220 (2002) (explaining that an application for state collateral review "remains pending" "until the application has achieved final resolution through the State's post-conviction procedures"). *See also Erwin v. Elo*, 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001) (stating, in a case where the petitioner failed to file an appeal in the Michigan Supreme Court on direct review, that the one year limitation period began to run when the time expired for seeking leave to appeal in the Michigan Supreme Court). Petitioner filed his habeas corpus petition about eleven months after the deadline expired for appealing the trial court's decision on his motion for relief from judgment.

To summarize, the statute ran over nine months from the date Petitioner's conviction became final (May 29, 2003), to the date he filed a motion for relief from judgment (March 24, 2004). The statute also ran more than eleven months from the deadline for seeking an appeal in the Michigan Court of Appeals on state collateral review (September 9, 2005) to the date when Petitioner signed his habeas petition (August 27, 2006). Because the statute ran for a total of at least twenty months, or more than a year, the habeas petition is time-barred, absent tolling.

### B. Equitable Tolling

The habeas statute of limitations is not jurisdictional, *McClendon v. Sherman*, 329 F.3d 490,

4

492 (6th Cir. 2003), and the United States Court of Appeals for the Sixth Circuit has held that equitable tolling applies to the one-year limitation period applicable to habeas petitions. *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001). A petitioner who seeks equitable tolling generally "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In this Circuit, courts also must consider and balance the factors set out in *Andrews v. Orr,* 851 F.2d 146 (6th Cir. 1988), "unless there is congressional authority to the contrary." *Dunlap*, 250 F.3d at 1009. The *Andrews v. Orr* factors are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) [the] petitioner's reasonableness in remaining ignorant of the legal requirement for filing the claim.

*Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002). These factors are not necessarily comprehensive and they are not all relevant in all cases. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis. *Id*. Furthermore, the absence of prejudice is not an independent basis for invoking the doctrine of equitable tolling. *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984).

In this case, Petitioner has not alleged that he lacked notice or constructive knowledge of the filing requirement. Nor has he been diligent in pursuing his rights. Therefore, equitable tolling is not appropriate here.

### III. Conclusion

Petitioner failed to comply with the one-year statute of limitations, and he has not carried his burden of showing entitlement to equitable tolling of the limitation period. Accordingly,

Respondent's motion for summary judgment [dkt. #5] is GRANTED, and the habeas petition [dkt. #1] is DISMISSED. The Court declines to issue a certificate of appealability, because reasonable jurists would not debate whether the petition states a valid claim of the denial of a constitutional right or whether the Court's procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

s/Lawrence P. Zatkoff  
LAWRENCE P. ZATKOFF  
UNITED STATES DISTRICT JUDGE

Dated: May 14, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 14, 2007.

s/Marie E. Verlinde  
Case Manager  
(810) 984-3290